**Electronically Filed
Supreme Court
SCPW-14-0000904
05-JAN-2015
11:49 AM**

SCPW-14-0000904

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP
dba KAMEHAMEHA SCHOOLS, Petitioners,

vs.

ROM A. TRADER, JUDGE OF THE CIRCUIT COURT
OF THE FIRST CIRCUIT, Respondent Judge,

and

STATE OF HAWAIʻI and GABRIEL ALISNA, Respondents.

---

ORIGINAL PROCEEDING
(CR. NO. 13-1-1861)

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of Petitioners' petition for a writ of mandamus, filed on June 25, 2014 ("Petition"), the answers filed by Respondents State of Hawaiʻi and Gabriel Alisna ("Alisna"), the supplemental memorandum and reply filed by Petitioners, the respective supporting documents, and the record, it is unclear whether the circuit court applied the three-part test set forth in State v. Peseti, 101 Hawaiʻi 172, 182, 65 P.3d 119, 129 (2003), to address the issues related to the June 17,

2014 "Decision and Order Regarding In-Camera Inspection of Documents Produced by Third-Party Kamehameha Schools Relating to Hearing Held May 27, 2014." Peseti requires Alisna to show the following: "(1) there is a legitimate need to disclose the protected information[1]; (2) the information is relevant and material to the issue before the court; and (3) the party seeking to pierce the privilege shows by a preponderance of the evidence that no less intrusive source for that information exists." 101 Hawai'i at 182, 65 P.3d at 129 (quotation marks and citation omitted) (footnote added).

Accordingly,

IT IS HEREBY ORDERED that the Respondent Judge shall apply the three-part test set forth in Peseti to determine if disclosure of the privileged documents is warranted, subject to any applicable waiver of the privilege. In determining whether there is a legitimate need by the defense for the information at issue, the Respondent Judge should consider in camera review of discovery disclosed by the government to Alisna and any applicable investigative reports prepared by Alisna. In determining whether there is no less intrusive source for the information, the Respondent Judge should consider whether the substance of the privileged information may become available to the defense through other discovery methods. If the Respondent Judge concludes that disclosure of the privileged documents is warranted, then the Respondent Judge is directed to consider the

---

[1] This would involve consideration of Alisna's constitutional rights as well as the particular policy interests served by the attorney-client privilege.

imposition of appropriate protective measures, including, but not limited to, the redaction of any mental impressions and work product of Petitioners' attorneys.

In all other respects, the petition for a writ of mandamus is denied. See Kema v. Gaddis, 91 Hawai‘i 200, 204-05, 982 P.2d 334, 338-39 (1999) (where a court has discretion to act, a writ of mandamus will not issue, even if the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court where he or she has a legal duty to act).

DATED: Honolulu, Hawai‘i, January 5, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

